**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TARAS PILIPENKO,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | |
| **TODD BLANCHE,** *Attorney General*; | § | |
| **MARKWAYNE MULLIN,** *Secretary of the* | § | **EP-26-CV-00348-DCG** |
| *Department of Homeland Security*; **and** | § | |
| **MARY DE ANDA YBARRA,** | § | |
| *U.S. ICE Field Office Director*, | § | |
| | § | |
| ***Respondents*.** | § | |

**ORDER FOR STATUS UPDATE**

On September 1, 2026, the Court inputted *pro se* Petitioner Taras Pilipenko's A-number and birth country into ICE's Online Detainee Locator System to determine his current location. The search returned no results.

The Court thus suspects that the Government may have either released Petitioner or removed him from the United States. If so, then his Petition for a Writ of Habeas Corpus may be moot.[1]

---

[1] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim for relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

*See also, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting (with exceptions that don't appear to apply here) that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

Thus, by **September 16, 2026**, Respondents **SHALL FILE** a Status Update informing the Court whether Petitioner remains in their custody.

If the answer to that question is "no," Respondents **SHALL ATTACH** to their Status Update documentation confirming that they released Petitioner, removed him from the United States, or otherwise no longer have him in their custody.

The Clerk of Court shall **SUBSTITUTE** the named Respondents in this case as follows:

(1) substitute Attorney General Todd Blanche for Former Attorney General Pamela Bondi; and

(2) substitute Current DHS Secretary Markwayne Mullin for Former Secretary Kristi Noem.[2]

Although the Court doesn't anticipate that this Order will reach Petitioner, the Clerk of Court shall nonetheless **MAIL** this Order to Petitioner's last known address out of an abundance of caution:

Taras Pilipenko
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

**So ORDERED and SIGNED this 1st day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[2] *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").