**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TARAS PILIPENKO,** *Petitioner,* v. **TODD BLANCHE,** *Attorney General*; **MARKWAYNE MULLIN,** *Secretary of the Department of Homeland Security*; **and MARY DE ANDA YBARRA,** *U.S. ICE Field Office Director*, ***Respondents.*** | § § § § § § § § § § § § | **EP-26-CV-00348-DCG** |

**ORDER DISMISSING CASE AS MOOT**

Respondents informed the Court that an Immigration Judge granted Petitioner Taras Pilipenko asylum on March 23, 2026, and that the Government released him from custody on April 26, 2026.[1] The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[2]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 16th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] *See* Resp'ts' Status Update, ECF No. 27, at 1; *see also* Detention History, ECF No. 27-1, at 1 (indicating that the Government released Petitioner from custody on April 26, 2026).

[2] *See, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting (with exceptions that don't appear to apply here) that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

*See also Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").